

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2006

# USA v. Anderson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2140

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Anderson" (2006). *2006 Decisions.* Paper 1314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2140

———————

UNITED STATES OF AMERICA

v.

ANTHONY ANDERSON,
                                   Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. 04-cr-00612
District Judge:  The Honorable Jan E. DuBois

———————

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2006

———————

Before: McKEE, BARRY and VAN ANTWERPEN, <u>Circuit Judges</u>

———————

(Opinion Filed: April 5, 2006)

———————

OPINION

———————


BARRY, <u>Circuit Judge</u>

    Anthony Anderson appeals from a sentence imposed by the United States District

Court for the Eastern District of Pennsylvania, contending that the District Court

erroneously relied on his previous convictions in calculating the applicable range of imprisonment under the U.S. Sentencing Guidelines. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and will affirm.

On October 23, 1991, Anderson, a Jamaican national, was sentenced in New York State court to imprisonment for one year for the attempted sale of a controlled substance in the third degree and for one to three years for attempted robbery. As a result, he was deported in 2001. But Anderson returned, and he came to the attention of the authorities in August 2004 after an altercation with a customer at a restaurant he owned at the time.

Thereafter, the government charged Anderson with illegal reentry in violation of 8 U.S.C. § 1326. Attached to the indictment was a Notice of Prior Convictions, which charged that he had been convicted of the two New York State felonies. Also attached was a Notice of Additional Factor, which charged that he had been deported "after a conviction for a felony that is a crime of violence, as described in U.S.S.G. § 2L1.2(b)(1)(A)." If the 2001 deportation was found to be "subsequent to a conviction for commission of an aggravated felony," 8 U.S.C. § 1326 (b)(2), Anderson faced a statutory maximum sentence of twenty years in prison as opposed to two years. On December 14, 2004, he pled guilty to the charge of illegal reentry and admitted having been convicted of both prior felonies.

At the April 6, 2005 sentencing hearing, the District Court calculated Anderson's

total offense level to be 21. One aspect of that calculation was a 16-level increase resulting from his prior conviction for an aggravated felony. His counsel informed the Court of his client's "aware[ness] that the . . . attempted robbery triggers the 16-level enhancement." (A65) The resulting Guidelines range was 41 to 51 months, and the District Court, after recognizing that the Guidelines were only advisory, sentenced Anderson to 41 months in prison. Anderson appeals, arguing that "prior convictions that enhance the statutory penalty must be charged in the indictment and, if not admitted, proved to a jury beyond a reasonable doubt." (Appellant's Br. at 6.)[1] That argument is unavailing.

The Supreme Court, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), held that prior convictions that increase the statutory maximum for a particular offense are not elements of the offense of conviction and, consequently, may be found by a sentencing judge by a preponderance of the evidence. This did not change as a result of the Court's subsequent decision in *United States v. Booker*, 543 U.S. 220 (2005).[2] Indeed, Anderson concedes as much, "recogniz[ing] that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) is contrary to [his] position on appeal, and that this Court has

---

[1] Our review of this purely legal question is plenary.

[2] Under *Booker*, sentencing judges are still required to make findings relevant to sentencing, but may not treat the resulting Guidelines range as mandatory. *See United States v. Davis*, 407 F.3d 162, 163 (3d Cir. 2005) ("[T]he *Booker* majority held that mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment.").

3

recognized the continuing vitality of *Almendarez-Torres* in the wake of *United States v. Booker . . . .*" (Appellant's Br. at 7) As we stated in *United States v. Ordaz*, 398 F.3d 236 (3d Cir. 2005):

> We do not gainsay that there is a tension between the spirit of *Blakely* and *Booker* that all facts that increase the sentence should be found by a jury and the Court's decision in *Almendarez-Torres*, which upholds sentences based on facts found by judges rather than juries. Nonetheless, as an inferior federal court we have the responsibility to follow directly applicable Supreme Court decisions.
>
> The holding in *Almendarez-Torres* remains binding law, and nothing in *Blakely* or *Booker* holds otherwise. Thus, because we are bound by *Almendarez-Torres*, we hold that the District Court's determination regarding the facts of Ordaz's prior convictions did not violate the Sixth Amendment, notwithstanding that the sentences were based, in part, on facts found by a judge rather than a jury.

*Id.* at 241. So, too, here.

We will affirm the judgment of sentence.